UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANDREW GROSS, III | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No.2:11-cv-162-WTL-MJD |
| | ) | |
| WARDEN J. F. CARAWAY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

Andrew Gross, III, was confined in this District at the time he filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 with respect to a securities fraud conviction entered in the United States District Court for the Eastern District of Michigan.[1] He currently is confined at the Pekin FCI.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be **denied** and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). A petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

---

[1] He was confined at FCC Terre Haute from March 9, 2006, through October 23, 2009, and again from March 15, 2011, through June 11, 2012.

      2.     A petitioner's remedy via § 2255 is inadequate or ineffective to test the legality of his detention when "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Hill v. Werlinger*, 695 F.3d 644, 647-48 (7th Cir. 2012) (internal quotation omitted); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611.

      3.     In October 2002, Gross pled guilty to one count of dealing in counterfeit securities in violation of 18 U.S.C. § 513(a) in Case No. 02-80163. On February 12, 2003, the court sentenced Gross to a 120-month term of imprisonment, to be served consecutively to an 84-month sentence he received in a separate case. Gross appealed his conviction and sentence. The United States Court of Appeals for the Sixth Circuit affirmed in Case No. 03-1266, but remanded the case for resentencing pursuant to *United States v. Booker,* 543 U.S. 220 (2005). In February 2006, on remand, the district court re-sentenced Gross but imposed the same 120-month sentence.

      4.     In 2003, Gross filed a motion under 28 U.S.C. § 2255 in the trial court challenging his guilty plea and asserting claims of ineffective assistance of counsel. That motion was denied. *Gross v. United States*, No. 03-70710, 2003 WL 21816984 (E.D. Mich. July 23, 2003). In 2010, Gross filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky, challenging the expiration date of his sentence. *Gross v. Berkebile,* No. 7:10-cv-0095-KKC, 2011 WL 13874 (E.D. Ky Jan. 4, 2011). That motion was denied. *Id.*

5.      Gross again seeks habeas relief pursuant to § 2241, contending that he is "actually innocent" of violating 18 U.S.C. § 513(a). He asserts that the checks that the government printed off his lap top computer were drawn on fictitious accounts that never existed. He argues that because the government failed to introduce evidence that the checks were securities of an organization that actually existed, he is innocent of dealing in counterfeit securities. He contends that the government did not give him a copy of the checks that were retrieved from his computer until after he pleaded guilty.

6.      Gross' challenge is futile for several reasons. First, Gross has failed to show that the § 2255 remedy was inadequate or ineffective to test the legality of his conviction. There is no reason he could not have presented his claim, as weak as it is, at the time he filed his § 2255 motion in the trial court or even in his direct appeal. Second, Gross argues that he is "actually innocent" because the government failed to produce certain evidence. Gross plead guilty. There was no trial at which the government would have presented evidence. Indeed, the "new evidence" Gross discusses consists of checks that were on his own computer hard drive. Furthermore, during the plea hearing, Gross testified that the check that another individual gave him was drawn from an actual bank called Harris Bank & Trust, and Gross used the check he knew was fake to obtain music equipment. (Guilty Plea Hearing, docket 109, pp. 11-14, *United States v. Gross,* No. 2:02-cr-80163-BAF-1). Gross is not innocent of dealing in counterfeit securities. His claim of actual innocence as a means of validating his bid for relief pursuant to 28 U.S.C. § 2241 is unavailing.

      7.      Gross has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 04/16/2013

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrew Gross, III
Reg. No. 28240-039
FCI PEKIN
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
PEKIN, IL  61555

Electronically Registered Counsel